Jon G. Shadinger Jr, Esq.
Shadinger Law, LLC
160 Cumberland Avenue
P.O. Box 279
Estell Manor, NJ 08319
Tel (609) 319-5399
Fax (314) 898-0458
js@shadingerlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DENNIS MAURER, an Individual, | : |
| Plaintiff, | : |
| vs. | : |
| TURNERSVILLE CHICKEN, INC., a New Jersey Profit Corporation, | : Case No. 1:20-cv-02575 |
| Defendant. | : |

**COMPLAINT**

Plaintiff, DENNIS MAURER, an Individual, on his behalf and on behalf of all other mobility impaired individuals similarly situated hereby sues the Defendant, TURNERSVILLE CHICKEN, INC., a New Jersey Profit Corporation, (hereinafter sometimes referred to as "Defendant"), for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181,** *et seq.*

1. Plaintiff, DENNIS MAURER, is an individual residing at 8 Prospect Avenue, Egg Harbor Township, New Jersey 08234, in the County of Atlantic.

2. Defendant, TURNERSVILLE CHICKEN, INC., owns or operates a place of public accommodation located at the subject property alleged by the Plaintiff to be operating in violation of Title III of the ADA.

3. Defendant's property, also known as Popeye's Louisiana Kitchen Store #11418 ("Popeye's"), is located at 5381 Route 42, Turnersville, New Jersey 08012, in the County of Gloucester.

4. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff, DENNIS MAURER, is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff has multiple sclerosis, is mobility impaired and requires the use of a wheelchair to ambulate at all times.

7. Mr. Maurer has visited the property that forms the basis of this lawsuit on several occasions, with the last such visit occurring in February 2020.  Mr. Maurer plans to return to the subject property in the near future to avail himself of the goods and services offered to the public at the property.

8. Mr. Maurer has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety.

9. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Popeye's Louisiana Kitchen Store #11418, and is located at 5381 Route 42, Turnersville, New Jersey 08012, in the County of Gloucester.

10. Mr. Maurer has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 13 of this complaint.

11. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Popeye's Louisiana Kitchen Store #11418, not only to avail himself of the goods and services available at the property but to assure himself that the subject property is in full compliance with the ADA; so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Defendant's property, Popeye's Louisiana Kitchen Store #11418, has shown that violations of the ADA exist. The following are violations that DENNIS MAURER has personally encountered during his visits to the subject property:

**Parking and Exterior Accessible Route**

a. The parking spaces provided throughout the subject property are not maintained, lack adequate access aisles and contain slopes greater than 2.0%; violating Sections 502 and 502.24 of the 2010 Standards for Accessible Design. While attempting to unload from his van Mr. Maurer is impeded by these barriers - on occasion he has parked away from the restaurant so that he may freely and safely access the restaurant.

b. Curb ramps provided at Popeye's are unsafe for Mr. Maurer (and all wheelchair users) and are not provided at all in some areas. The curb ramps which are provided contain excessive slopes, abrupt changes of level and lack level landings; violating Sections 402 and 406 of the 2010 Standards for Accessible Design. Mr. Maurer dealt with a lack of maneuvering clearance at the top of the curb ramp. These conditions endanger Mr. Maurer's safety.

c. The exterior accessible route which leads from parking spaces at Popeye's fails to provide a safe/accessible route; a violation of Section 402 of the 2010 Standards for Accessible Design. Mr. Maurer is forced to travel through the traffic area of the parking lot in order to reach the curb ramp.

d. Popeye's fails to provide an accessible route to the adjacent street, sidewalk or bus stop; violating Section 206.2.1 of the 2010 Standards for Accessible Design. The lack of an accessible route to the sidewalk limits Mr. Maurer's options for transportation.

**Access to Goods and Services**

e. Popeye's fails to provide compliant/accessible tables; violating Section 902 of the 2010 Standards for Accessible Design. The lack of accessible tables has affected Mr. Maurer's ability to dine in a comfortable manner.

   f. While attempting to enter Popeye's, Mr. Maurer is impeded by abrupt changes of level and sloping at the base of the door; violating Sections 402 and 404 of the 2010 Standards for Accessible Design.  Mr. Maurer cannot enter the restaurant freely and safely without assistance.

**Restrooms**

   g. The restrooms at Popeye's were reported to be unsafe for use by Mr. Maurer. Mr. Maurer was unable to use the restrooms safely due to a lack of accessibility.  Barriers to access include, inaccessible water closets which lack proper controls, improper signage and a lack of wheelchair maneuvering space; violating Section 601 of the 2010 Standards for Accessible Design.

   h. Popeye's provides restroom dispensers which are mounted beyond the reach of wheelchair users and are inaccessible to Mr. Maurer; a violation of Section 308 of the 2010 Standards for Accessible Design.

   i. Popeye's provides restrooms that lack adequate maneuvering space, flush controls which are mounted on the wall-side and may contain improper centerlines for the water closets; violating Section 604 of the 2010 Standards for Accessible Design.  Mr. Maurer is impeded in the restroom by flush controls which are improperly mounted.

   j. Mr. Maurer is impeded by the restroom doors at Popeye's; due to the lack of maneuvering clearance he cannot enter/exit the restroom without assistance. This barrier is a violation of Section 404 of the 2010 Standards for Accessible Design.

   14. Each of the foregoing violations is also a violation of the 1991 American with Disabilities Act Accessibility Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

   15. The discriminatory violations described in paragraph 13 are not an exhaustive list of the ADA violations that exist at Defendant's property but are the result of a preliminary inspection.

Plaintiff requires thorough inspection of the Defendant's place of public accommodation in order to photograph and measure the architectural barriers which exist at the subject property and violate the ADA.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the ADA.

16.     Defendant has discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17.     Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Considering the balance of hardships between the Plaintiff and the Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

18. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure – to the maximum extent feasible – that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

21. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Popeye's Louisiana Kitchen Store #11418 and make the subject property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the subject property until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT II**
**VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION**
*(N.J.S.A. 10:5-12)*

22.    Plaintiff re-alleges and incorporates by reference all allegations set forth in this Complaint as fully set forth herein.

23.    Defendant's facility is a place of public accommodation as defined by N.J.S.A 10:5-5, (New Jersey Law Against Discrimination).

24.    New Jersey law provides that all persons shall have the opportunity to obtain all the

accommodations, advantages, facilities, and privileges of any public place of accommodation without discrimination on the basis of disability.  This opportunity is recognized and declared to be a civil right (N.J.S.A. 10:5-4.)

25. As set forth above, Defendant has violated the New Jersey Law Against Discrimination by denying disabled individuals the full and equal enjoyment of the goods, facilities, services and accommodations available at the subject property.

26. As a result of the aforementioned discrimination, Plaintiff DENNIS MAURER has sustained emotional distress, mental anguish, suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Plaintiff, DENNIS MAURER respectfully demands judgment for damages, attorney's fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Respectfully submitted,

Date: March 10, 2020

/s/ Jon G. Shadinger Jr.
Jon G. Shadinger Jr., Esq.
Shadinger Law, LLC
NJ Attorney ID No. 036232017
160 Cumberland Avenue
P.O. Box 279
Estell Manor, NJ 08319
Tel (609) 319-5399
Fax (314) 898-0458
js@shadingerlaw.com
*Attorney for Plaintiff*